FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 2 2 2022

TAMMY H. DOWNS, CLERK
By: _____
                      DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**GAYLON MURRAY**                                                **PLAINTIFF**

vs.                        No. 3:22-cv-151-BSM

**DELTA ASPHALT OF ARKANSAS, INC.**                  **DEFENDANT**

## ORIGINAL COMPLAINT

Plaintiff Gaylon Murray ("Plaintiff"), by and through undersigned counsel, for his Original Complaint ("Complaint") against Defendant Delta Asphalt of Arkansas, Inc. ("Defendant"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's failure to pay Plaintiff overtime wages under the FLSA and the AMWA within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

This case assigned to District Judge Miller
and to Magistrate Judge Ray

## II.   JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendants conduct business within the State of Arkansas.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

8. Plaintiff was employed at Defendant's business in Paragould. Therefore, the acts and omissions alleged in this Complaint had their principal effect within the Northern Division of the Eastern District and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

10. Plaintiff is an individual and resident of Greene County.

11. Defendant is a domestic, for-profit corporation.

12. Defendant's registered agent for service of process is Corporation Service Company at 300 Spring Building, Suite 900, 300 South Spring Street, Little Rock, Arkansas 72201.

13. Defendant maintains a website at https://deltacos.com/.

## IV.  FACTUAL ALLEGATIONS

14. During the relevant time, Defendant had at least two employees who engaged in interstate commerce or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, such as vehicles and fuel.

15. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

16. Plaintiff, in the ordinary course of his employment, handled and used instrumentalities of interstate commerce such as the internet and cell phones.

17. Within the two years preceding the filing of this lawsuit, Defendant has continually employed at least four employees.

18. Defendant was, at all times relevant hereto, Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA and the AMWA.

19. Defendant employed Plaintiff from April of 2001 until June of 2021.

20. Defendant employed Plaintiff as a Construction Foreman.

21. Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA and the AMWA and paid him a salary.

22. As a Construction Foreman, Plaintiff's primary duties were to perform manual labor related to laying pavement such as operating screed machines.

23. At all relevant times herein, Defendant directly hired Plaintiff to work on its

behalf, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

24. Plaintiff did not have the authority to hire or fire other employees, nor were his recommendations as to hiring or firing given particular weight.

25. Plaintiff did not exercise discretion or independent judgment as to matters of significance.

26. Plaintiff's duties were rote and routine, and he sought input from supervisors when his duties were not rote or routine.

27. In carrying out his duties, Plaintiff followed the processes put in place by Defendant and others.

28. Plaintiff did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

29. Plaintiff did not customarily or regularly direct the work of at least two or more other full-time employees or their equivalent as his primary duty.

30. Plaintiff was a classic blue-collar worker, spending physical, demanding, long shifts working on and with machinery, and not in an office.

31. At all times material hereto, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA.

32. Plaintiff regularly worked more than 40 hours per week during the relevant time period.

33. Defendant did not pay Plaintiff 1.5x his regular rate for hours worked over 40 each week.

34. Until approximately 2020, Plaintiff kept track of his hours in an app provided by Defendant.

35. In 2020, Defendant instructed Plaintiff to stop tracking his hours.

36. Most of the time,[1] Plaintiff arrived at work approximately an hour before the hourly-paid crew, and left work with the last of the hourly crew members.

37. Defendant knew or should have known that Plaintiff worked hours over 40 in at least some weeks.

38. At all relevant times herein, Defendant has deprived Plaintiff of regular wages and overtime compensation for all hours worked.

39. Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

### V.   FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

40. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

41. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

42. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

43. 29 U.S.C. § 207 requires employers to pay employees overtime wages of 1.5x the regular rate of pay for all hours worked over 40 each week, unless the employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

---

[1] During winter months (approximately three months out of the year), Plaintiff worked fewer hours because Defendant's business had seasonal busy periods, and he occasionally worked on his own.

44.  During the period relevant to this lawsuit, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

45.  Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty each week.

46.  Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

47.  By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

### VI.   SECOND CAUSE OF ACTION—VIOLATION OF THE AMWA

48.  Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq*.

49.  At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

50.  Sections 210 and 211 require employers to pay employees a minimum wage for all hours worked up to 40 and to pay 1.5x regular wages for all hours worked over 40 in a week unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

51.  Despite the entitlement of Plaintiff to lawful overtime wages under the AMWA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over 40 each week.

52.  Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

53.  By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint, pursuant to Ark. Code Ann. § 11-4-218.

## VII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Gaylon Murray respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A.  Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA and their related regulations;

B.  Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

C.  Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the AMWA and their related regulations;

D.  An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

E.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF GAYLON MURRAY**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_/s/ Patrick Wilson_
Patrick Wilson
Ark. Bar No. 2021311
patrick@sanfordlawfirm.com

_/s/ Josh Sanford_
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com