IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**GAYLON MURRAY**                                                                                          **PLAINTIFF**

vs.                                            No. 3:22-cv-151-BSM

**DELTA ASPHALT OF ARKANSAS INC.**                                            **DEFENDANT**

## PLAINTIFF'S PRETRIAL DISCLOSURE SHEET

Plaintiff Gaylon Murray, by and through his attorneys Sean Short and Josh Sanford of Sanford Law Firm, PLLC, for his Pretrial Disclosure Sheet, does hereby state as follows:

**1.     Identity of the party submitting information.**

Plaintiff Gaylon Murray by and through his attorneys of the Sanford Law Firm, PLLC.

**2.     Names, addresses, and telephone numbers of all counsel for the parties.**

Sean Short and Josh Sanford of Sanford Law Firm, PLLC, Kirkpatrick Plaza, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, Phone: (501) 221-0088, Facsimile: 888-787-2040, Email: sean@sanfordlawfirm.com and josh@sanfordlawfirm.com.

**3.     A brief summary of the claims and relief sought.**

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* and the Arkansas Minimum Wage Act ("AMWA"), A.C.A. § 11-4-201, *et seq.* The

FLSA and AMWA requires employers to pay employees one and one-half times their regular rate for all hours worked over 40 per week. 29 U.S.C. § 206, 207; Ark. Code Ann. § 11-4-210–211. Defendant classified Plaintiff as exempt from the overtime requirements and paid Plaintiff a salary. Plaintiff regularly worked in excess of 40 hours per week throughout his tenure with Defendant. Defendant violated the FLSA and AMWA by failing to pay Plaintiff lawful overtime wages for all hours worked over forty each week. Therefore, Plaintiff seeks to recover damages in the form of unpaid overtime, liquidated damages, attorneys' fees, and costs as provided for by 29 U.S.C. § 216(b) and Ark. Code Ann. § 11-4-218.

**4.     Prospects for settlement.**

Plaintiff remains open to a reasonable settlement and is hopeful that Defendant will be receptive to entering negotiations and avoiding the expense of trial, if possible.

**5.     The basis for jurisdiction and objections to jurisdiction.**

The United States District Court for the Eastern District of Arkansas has jurisdiction over this suit under 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA. Plaintiff was employed by and performed work for Defendant in the State of Arkansas; therefore, AMWA violations have also arisen out of the same set of operative facts as the federal cause of action. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

**6.     A list of pending motions.**

None.

**7.  A concise summary of the facts.**

Defendant provides construction services and materials for a variety of commercial

and municipal projects. Defendant employed Plaintiff as a construction foreman for nearly 20 years until his retirement in June of 2021. Plaintiff primarily worked on asphalt paving projects where he spent the majority of his time performing manual labor. Despite having the title of construction foreman, Plaintiff had no real management authority and spent the majority of his last three years of employment floating from crew to crew performing the same manual labor as Defendant's non-exempt hourly employees.

Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA and the AMWA and paid him a salary. Plaintiff regularly worked more than 40 hours per week and Defendant failed to pay Plaintiff an overtime premium for hours worked over 40 in a workweek.

Defendant knew or should have known that Plaintiff's actual job duties did not qualify him for any exemption. Defendant violated the FLSA and AMWA by failing to pay Plaintiff lawful overtime wages for all hours worked over forty each week. As such, Defendant deprived Plaintiff of compensation for all of his hours worked over forty per week.

**8. All proposed stipulations.**

A.   The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

B.   This Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

C.   Plaintiff was a citizen of the United States and resident of and domiciled in the State of Arkansas at the time of the filing Plaintiff's Original Complaint.

D. Delta Asphalt of Arkansas, Inc., conducts business within the State of Arkansas.

E. Defendant qualifies as a covered "employer" as that term is defined by the FLSA and AMWA.

F. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of the Original Complaint.

G. In the course of performing his work for Defendant, Plaintiff regularly handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

H. At all times relevant to this action, Defendant employed at least four individuals on a full-time basis.

I. Defendant is subject to the provisions of the FLSA and AMWA.

J. Plaintiff is covered by the minimum wage and overtime protections of the FLSA and AMWA.

K. Defendant hired Plaintiff to work for Defendant with the job title of "construction foreman."

L. Plaintiff was employed by Defendant from approximately April of 2001 until June of 2021.

M. Defendant classified Plaintiff as exempt from the minimum and overtime wage provisions of the FLSA and AMWA for the entirety of his employment.

    N.     Plaintiff was routinely required to work in excess of forty (40) hours per week.

    O.     Defendant did not pay Plaintiff 1.5x his regular rate for hours worked over 40 each week.

**9.    The issues of fact expected to be contested.**

    A.     The number of hours that Plaintiff worked per week.

    B.     Plaintiff's job duties and the amount of time devoted to Plaintiff's various job duties.

**10.    The issues of law expected to be contested.**

    A.     Whether Plaintiff was misclassified as exempt from the overtime requirements of the FLSA and AMWA.

    B.     The applicable statute of limitations (willfulness).

    C.     Liquidated damages (i.e., whether Defendant acted in objective and subjective good faith in failing to compensate Plaintiff as required under the FLSA).

    D.     The amount of damages owed to Plaintiff.

**11.    A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.**

Plaintiff expects to offer:

    A.     Time and pay records for Plaintiff;

B. Excerpts from Plaintiff's employee file;

C. Email messages between Plaintiff and Defendant; and

D. Damage calculations.

Plaintiff may offer the following exhibits:

A. Any filed document of record by Defendant in this case;

B. Any filed document of record by Plaintiff in this case;

C. Any and all documents exchanged by the Parties in this case; and

D. All exhibits listed in Defendant's Pretrial Disclosures.

**12. The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.**

Plaintiff expects to call the following individuals as witnesses:

A. Plaintiff; and

B. Any corporate representative of Defendant present in the courtroom.

Plaintiff may call:

A. Any and all witnesses identified by or called by Defendant at any point in this case; and

B. Any and all witnesses in the courtroom attending the trial at the request of, or on behalf of, Defendant.

**13. The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.**

Discovery is complete.

**14. An estimate of the length of trial and suggestions for expediting disposition of the action.**

Plaintiff estimates that the trial of this matter can be accomplished in two to three days.

          Respectfully submitted,

          **PLAINTIFF GAYLON MURRAY**

          SANFORD LAW FIRM, PLLC
          Kirkpatrick Plaza
          10800 Financial Centre Parkway, Suite 510
          Little Rock, Arkansas 72211
          Telephone: (501) 221-0088
          Facsimile: (888) 787-2040

          Sean Short
          Ark. Bar No. 2015079
          sean@sanfordlawfirm.com

          Josh Sanford
          Ark. Bar No. 2001037
          josh@sanfordlawfirm.com