UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| GAYLON MURRAY, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:22-CV-00151-BSM |
| ) | |
| v. ) | |
| ) | |
| DELTA ASPHALT OF ARKANSAS, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S PRETRIAL DISCLOSURE SHEET**

COMES NOW Defendant Delta Asphalt of Arkansas, Inc. ("Defendant" or "Delta"), by and through the undersigned counsel, and pursuant to Local Rule 26.2, and Rule 26(a)(3) of the Federal Rules of Civil Procedure, submits the following as its Pretrial Disclosure Sheet.

**I.    PARTY SUBMITTING THIS PRE-TRIAL DISCLOSURE SHEET**

Defendant Delta Asphalt of Arkansas, Inc.

**II.   PARTIES.**

    **A.**   Attorneys for Plaintiff, Wade Murray

        Josh Sanford
        Sean Short
        Sanford Law Firm, PLLC
        Kirkpatrick Plaza
        10800 Financial Center Parkway, Suite 510
        Little Rock, Arkansas 72211
        Telephone:  (800) 615-4946
        Facsimile:  (888) 787-2040
        josh@sanfordlawfirm.com
        sean@sanfordlawfirm.com

    **B.**   Attorneys for Defendant Delta Asphalt of Arkansas, Inc.

        Matthew Braunel, Ark. Bar No. 50711
        Charles Poplstein – Pro Hac Vice
        Thompson Coburn LLP
        One US Bank Plaza
        St. Louis, Missouri 63101-1611
        Telephone: 314.552.6000

Facsimile: 314.552.7000
cpoplstein@thompsoncoburn.com

**III.    NATURE OF THE CASE.**

Plaintiff has sued for violation of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201, et seq.) ("FLSA"), and violation of the Minimum Wage Act of the State of Arkansas (Ark.Code Ann. §11-4-201 et seq.)("AMWA") for alleged failure to pay overtime compensation. Plaintiff is seeking all overtime compensation owed, plus liquidated damages, interest, attorney's fees, and costs.

**IV.    PROSPECTS FOR SETTLEMENT.**

Counsel for Delta previously conferred with prior Counsel on settlement. While Delta is always willing to talk, settlement is not likely given Delta's present position on settlement and the parties' respective positions to date.

**V.    JURISDICTION.**

The Court has jurisdiction of the FLSA claims under 28 U.S.C. §1331 and supplemental jurisdiction over the AMWA claim under 28 U.S.C. §1367(a). There is no objection to jurisdiction.

**VI.    PENDING MOTIONS.**

None

**VII.    SUMMARY OF THE FACTS.**

Plaintiff was employed by Delta as a Construction Foreman. In that position, Plaintiff was responsible for supervising and managing a road construction crew that performed government contracts to construct, repair and/or overlay asphalt on highways in the State of Arkansas. Plaintiff was the Manager on site for his crew and operated with no daily on-site supervision. Plaintiff determined who performed what duties, how they performed their duties, when the operations started and finished for the day, how to allocate work, and how to perform the work within the specifications. Plaintiff was responsible for training, directing and the safety of crew employees

on site. To the extent Plaintiff elected to perform non-exempt work in addition to his other supervisory and related administrative duties, that was because Plaintiff elected in his discretion to perform those tasks.

Plaintiff, like all other Construction Foremen, was paid on a salaried basis. He was paid in excess of $48,000 at all times relevant to the claims asserted. Plaintiff was paid throughout the year regardless of whether there was any work to be performed during any work week, including in the Winter and late Fall months when weather would not permit laying asphalt. When the crews were not working in Winter and late Fall Plaintiff would have only limited and occasional duties to perform. He had four weeks of paid vacation each year as well.

Delta determined that Plaintiff was an exempt employee for purposes of the relevant FLSA statutory provisions and regulations based on a good faith and reasonable review of the duties and responsibilities of a Construction Foreman under the relevant FLSA statutory provisions and regulations. During the 17+ years he was employed by Delta and paid a salary Plaintiff never claimed to the Department of Labor, the State of Arkansas, or Delta Human Resources of management, that he was owed overtime compensation.

**VIII.   PROPOSED STIPULATIONS.**

    **A.**    Delta was an employer within the meaning of the FLSA and the AMWA with respect to Plaintiff during the time period Delta employed Plaintiff.

    **B.**    The Court has jurisdiction over the FLSA claim under 28 U.S.C. §1331 and supplemental jurisdiction over the AMWA claim under 28 U.S.C. §1367 (a).

    **C.**    Plaintiff was employed by Delta as a Construction Foreman during the period from at least January 1, 2005, until and including June 22, 2022.

    **D.**    Plaintiff's last day of work for Delta was June 15, 2022.

    **E.**    From at least January 1, 2005, until and including Plaintiff's last day of work on June 15, 2022, Plaintiff was paid on a salaried basis at a salary that was always

well in excess of the minimum salary required for exemption from overtime compensation under the FLSA and the AMWA.

**IX.    ISSUES OF FACT EXPECTED TO BE CONTESTED.**

(1) Whether Plaintiff was paid on a salaried basis within the meaning of the FLSA and the AMWA?

(2) Whether Plaintiff's primary duties, and the duties he performed for Delta during the relevant statutory time period qualified him for exemption from the overtime requirements of the FLSA and the AMWA as an executive / administrative employee (or the combination exemption) under 29 U.S.C. Section §213 (a)(1) and the AMWA?

(3) If the Court finds plaintiff was not exempt from the overtime compensation requirements of the FLSA and the AMWA, whether Plaintiff can establish he worked any overtime during the relevant statutory time period and, if so, to what extent?

(4) Whether Delta acted in good faith and with reasonable grounds to believe it was complying with the FLSA and the AMWA with respect to classifying Plaintiff as exempt from the overtime pay requirements of either Act?

(5) If the Court finds that Delta violated the FLSA or the AMWA, did Delta engage in conduct that constituted a willful violation of either Act?

**X.    ISSUES OF LAW EXPECTED TO BE CONTESTED.**

(1) Whether Plaintiff was exempt from the overtime compensation requirements of the FLSA under 28 U.S.C. §213(a)(1) and the AMWA where he was employed as a Construction Foreman during the relevant statutory time period, he was paid on a salaried basis in excess of the minimum salary required for the exemption, and his primary duties as a Construction Foreman qualified him for exemption from the overtime requirements as an executive / administrative employee (and/or the combination exemption), within the meaning of the FLSA and the AMWA?

(2) If the Court finds a violation of the FLSA, whether the two (2) year, rather than the three (3) year statute of limitations period under the FLSA applies because Delta did not willfully violate either the FLSA and in particular did not knowingly violate the FLSA or act in reckless disregard for whether it was complying with the FLSA with respect to Plaintiff's compensation?

(3) If the Court finds a violation of the FLSA and the AMWA, whether Plaintiff is entitled to liquidated damages under the FLSA and the AMWA where Delta acted in good faith with reasonable grounds to believe that it was complying with the FLSA and the AMWA and did not willfully violate either Act?

(4) If the Court finds a violation of the FLSA and the AMWA, whether Plaintiff's overtime compensation claim is limited to one-half the regular rate determined by the Court because Plaintiff was paid a salary for such hours already?

(5) If the Court finds a violation of the FLSA and the AMWA, is Plaintiff entitled to interest on his claims over and above any other remedies granted?

**XI.  LIST OF EXHIBITS, SUMMARIES, ETC.**

See Exhibit A attached hereto for list of exhibits and summaries.

**XII.  WITNESSES.**[1]

**Witnesses Expected To Be Presented:**

**A.**   Plaintiff, Gaylon Murray

By cross examination unless Plaintiff is not called in his case in chief. Deposition testimony designated also may be utilized.

**B.**   Phillip Heimbecker *
14087 Maddie Circle
Diberville, MS 39540
(228) 243-4540

Mr. Heimbecker would be expected to testify regarding Plaintiff's employment with Delta; Plaintiff's performance, assignments, duties and responsibilities as a

---

[1] Witnesses specifically named above and marked with an asterisk are all present or former management employees of Delta and may only be contacted through counsel.

Construction Foreman; input provided by Plaintiff with respect to hiring / retention / evaluation of road construction crew members and the weight given to the same; training opportunities for persons on Plaintiff's crew; the employment of leads for crews; Plaintiff's role in employee safety and training; Plaintiff's compensation on a salaried basis and his compensation and benefits compared to compensation and benefits of hourly road construction crew members; that Construction Foremen were paid on a salaried basis; crew assignments; the job description for Construction Foreman and it's preparation; why Plaintiff was classified as an exempt employee and steps undertaken to determine his exempt classification; personnel records regarding Plaintiff; staffing of road construction crews and layoff practices for crew members; payment of Plaintiff's salary throughout the year regardless of whether any work was to be performed; testimony directed to the issues of willfulness and the good faith defense, Delta's defenses to the claims asserted, and Delta's policies and procedures.

**C.**     Brad Marotti *

11719 Hwy. 412 West
Paragould, AR 72450
Phone: (870) 573-6882 / (870) 335-8202

Mr. Mariotti is expected to testify as to Plaintiff's assignments, duties and responsibilities as a Construction Foreman and his performance of the same; level of supervision of Plaintiff in performing his duties; supervisory duties performed by Plaintiff during the relevant statutory time period; Plaintiff's responsibilities for overseeing, scheduling and interacting with other managers re road construction work; Plaintiff's responsibilities for overseeing, scheduling and interacting with other managers re road construction work and responsibilities for performance and productivity of the projects assigned to him; staffing of crew and assignments for Plaintiff; that Construction Foremen were paid on a salaried basis; Plaintiff's work assignments during the relevant statutory time period; input provided by Plaintiff with respect to hiring / retention / evaluation of road construction crew members and the weight given to the same; training opportunities for persons on Plaintiff's crew; the employment of leads for road construction crews; Plaintiff's compensation on a salaried basis and his compensation and benefits compared to compensation and benefits of hourly road construction crew members; crew assignments; staffing of road construction crews and layoff practices for crew members; performance evaluations of Plaintiff he performed; communications and interactions with Plaintiff regarding his job duties and assignments; the daily heavy job report prepared by Plaintiff; time records for the relevant statutory time period for Plaintiff's crew; a report prepared from time records for Plaintiff's crew showing the number of weeks Plaintiff's crew worked and the maximum hours in that week worked by any crew member derived from time records and heavy job materials introduced as an exhibit; the number of weeks per year Plaintiff worked during the relevant statutory time period; Plaintiff's role in employee safety and training; rates of pay for Plaintiff and members of his crew, Plaintiff's salary and compensation during the relevant statutory time period; any exhibits identified in the Exhibit List which he prepared or received, the heavy job diary Plaintiff submitted and his involvement in submitting and approving time for his crews; non-manual work Plaintiff performed associated with his duties as Construction Foreman; the

amount of time Plaintiff worked during the year; testimony relevant to the defenses and claims of exemption in this case; payment of Plaintiff's salary throughout the year regardless of whether any work was to be performed.

**D.**     Brian Kelso *

11719 Hwy. 412 West
Paragould, AR 72450
Phone: (870) 573-6882 / (870) 335-7354

Mr. Kelso is expected to testify as to Plaintiff's performance, assignments, duties and responsibilities as a Construction Foreman and his performance of the same; level of supervision of Plaintiff in performing his duties; supervisory duties performed by Plaintiff during the relevant statutory time period; Plaintiff's responsibilities for overseeing, scheduling and interacting with other managers re road construction work and responsibilities for performance and productivity of the projects assigned to him; staffing of crew and assignments for Plaintiff; Plaintiff's work assignments during the relevant statutory time period; input provided by Plaintiff with respect to hiring / retention / evaluation of road construction crew members and the weight given to the same; training opportunities for persons on Plaintiff's crew; the employment of leads for road construction crews; Plaintiff's compensation on a salaried basis and his compensation and benefits compared to compensation and benefits of hourly road construction crew members; that Construction Foremen were paid on a salaried basis; crew assignments; staffing of road construction crews and layoff practices for crew members; performance evaluations of Plaintiff he performed; communications and interactions with Plaintiff regarding his job duties and assignments; the daily heavy job report prepared by Plaintiff; time records for the relevant statutory time period for Plaintiff's crew; a report prepared from time records for Plaintiff's crew showing the number of weeks Plaintiff's crew worked and the maximum hours in that week worked by any crew member derived from time records and heavy job materials introduced as an exhibit; the number of weeks per year Plaintiff worked during the relevant statutory time period; Plaintiff's role in employee safety and training; rates of pay for Plaintiff and members of his crew, Plaintiff's salary and compensation during the relevant statutory time period; any exhibits identified in the Exhibit List which he prepared or received, the heavy job diary Plaintiff submitted and his involvement in submitting and approving time for his crews; non-manual work Plaintiff performed associated with his duties as Construction Foreman; the amount of time Plaintiff worked during the year; testimony relevant to the defenses and claims of exemption in this case; payment of Plaintiff's salary throughout the year regardless of whether any work was to be performed.

**Witnesses Who May Be Called:**

**A.**     Taylor Kirn *

114 S Silver Springs Road
Cape Girardeau, MO 63703
573.334-5261 x 4110 / (573) 979-2547

If called, Ms. Kirn would be expected to testify regarding Plaintiff's employment with Delta; Plaintiff's performance, assignments, duties and responsibilities as a Construction Foreman, Plaintiff's compensation on a salaried basis, exhibits identified in the Exhibit List to which she was a party; Plaintiff's compensation and benefits compared to those on his road construction crews; why he was classified as an exempt employee; that Construction Foremen were paid on a salaried basis; staffing, retention, and hiring of crews and input from Construction Foreman and the weight given to the same; personnel records regarding Defendant; Delta's defenses to the claims asserted, and Delta's policies and procedures.

**B.**  Courtney Quinn *

11719 Hwy. 412 West
Paragould, AR 72450
Phone: (870) 573-6882 / (573) 334-5261

If called, Ms. Quinn would be expected to testify regarding Plaintiff's employment with Delta, his duties and responsibilities as a Construction Foreman, his compensation on a salaried basis, Plaintiff's compensation on a salaried basis, exhibits identified in the Exhibit List to which she was a party; Plaintiff's compensation and benefits compared to those on his road construction crews; that Construction Foremen were paid on a salaried basis; why he was classified as an exempt employee; staffing, retention, and hiring of crews and input from Construction Foreman and the weight given to the same; personnel records regarding Defendant; Delta's defenses to the claims asserted, and Delta's policies and procedures.

**C.**  John Bennett *

If called, Mr. Bennett would be expected to testify as to Plaintiff's performance, performance, assignments, duties and responsibilities as a Construction Foreman; that Construction Foremen were paid on a salaried basis; input provided by Plaintiff with respect to hiring / retention / evaluation of road construction crew members; training opportunities for persons on Plaintiff's crew; the employment of leads for crews; and responsibilities for performance and productivity of the projects assigned to him; payment of a year- long salary to Plaintiff; performance evaluations of Plaintiff; the heavy job diary Plaintiff submitted and his involvement in submitting and approving time for his crews.

114 S Silver Springs Rd
Cape Girardeau, MO 63703
573-334-5261

**D.**  Sid Binkley *

11719 Hwy. 412 West
Paragould, AR 72450
Phone: (870) 573-6882

217 CR 352
Piggott AR 42454

        If called, Mr. Binkley would be expected to testify as to Plaintiff's performance, assignments, duties and responsibilities as a Construction Foreman and the duties and responsibilities of a Construction Foreman as he performed the job; Plaintiff's role in employee safety and training; Plaintiff's work assignments on combined crews during the relevant statutory time period and the roles Plaintiff played on such crews; Communications with Plaintiff regarding his job duties; Exhibits identified in the Exhibit List to which he was a party. The heavy job diary Plaintiff submitted; and Mr. Binkley's involvement in submitting and approving time for his crews.

**E.**    Daryl Masingale *

11719 Hwy. 412 West
Paragould, AR 72450
Phone: (870) 573-6882 / (870) 335-8206

If called, Mr. Masingale would be expected to testify as to Plaintiff's duties and responsibilities as a Construction Foreman; Plaintiff's work assignments during the relevant statutory time period; Plaintiff's role in employee safety and training; Communications and interactions with Plaintiff regarding his job duties; the heavy job diary Plaintiff submitted and safety compliance.

**F.**    Alice McRoberts (Payroll Manager) *

11719 Hwy. 412 West
Paragould, AR 72450
Phone: (870) 573-6882 / (573) 334-5261

If called, Ms. McRoberts is expected to testify as to a report prepared from time records for Plaintiff's crew showing the number of weeks Plaintiff's crew worked during the potential statutory time period and the maximum hours in that week worked by any crew member and that Construction Foremen were paid on a salaried basis.

**G.**    Individuals who worked on a crew with Plaintiff during the last three years of his employment at Delta may be called for purposes of rebuttal or impeachment as to Plaintiff's duties, responsibilities, and performance. The identities of all those individuals would be too numerous to detail here, and would be equally available to Plaintiff, but would be identified in project time/pay records for projects for which Plaintiff was the supervisor during such time period and have been produced).

**H.**    Any individual identified in Plaintiff's Pre-Trial Information Sheet or Plaintiff's disclosures.

**I.**    Delta reserves the right to call one or more witnesses for purposes of impeachment or rebuttal depending on the evidence introduced at trial.

**XIII.    STATUS OF DISCOVERY.**

None pending

**XIV.    ESTIMATE OF LENGTH OF TRIAL.**

Delta estimates that the trail would last 2-3 days, but likely not more than 2 ½ days. Delta proposes that the trial time be expedited by waiving opening statements and relying on the trial briefs in lieu thereof and submitting a post-trial brief in lieu of a closing argument.

Respectfully submitted,

**THOMPSON COBURN LLP**

By /s/  Charles M. Poplstein (Pro Hac Vice)
  Matthew Braunel, Ark. Bar No. 50711
  Charles M. Poplstein (pro hac vice)
  One US Bank Plaza
  Suite 2700
  St. Louis, Missouri 63101-1611
  Telephone: 314.552.6000
  Facsimile: 314.552.7000
  mbraunel@thompsoncoburn.com
  cpoplstein@thompsoncoburn.com

*Attorneys for Defendant Delta Asphalt of Arkansas, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via email on January 5, 2024, to counsel of record for Plaintiff Gaylon Murray, Josh Sanford (josh@sanfordlawfirm.com) and Sean Short (sean@sanfordlawfirm.com).

/s/ Charles M. Poplstein

## Exhibit A

**Exhibits Delta Expects To Offer Or Use:**

D-1. Plaintiff's wage records (from July 1, 2019 through termination) (##D1-40).

D-2. Plaintiff's 2019-2022 W-2s (##D41-46).

D-3. Plaintiff's Benefits enrollment form (Deposition Exhibit 2, D47).

D-4. Heavy Job Daily Diary prepared by Plaintiff during the last three years of his employment (Deposition Exhibit 3).

D-5. Project time/pay records for projects for which Plaintiff was the supervisor and submitted time during the last three (3) years of Plaintiff's employment with Delta (Deposition Exhibit 4).

D-6. Time Approval Records (Deposition Exhibit 5).

D-7. Report re Hours worked by week and crew (Derived from Heavy Job Diary and Time Records).

D-8. Job description for Plaintiff's position (Deposition Exhibit 27).

D-9. 2021 Performance Evaluation (Deposition Exhibit 14).

D-10. 2020 Performance Evaluation (Deposition Exhibit 12).

D-11. 2019 Performance Evaluation (Deposition Exhibit 11).

D-12. 2018 Performance Evaluation (Deposition Exhibit 13).

D-13. 2017 Performance Evaluation (Deposition Exhibit 10).

D-14. 2016 Performance Evaluation (Deposition Exhibit 9).

D-15. Email from Plaintiff to B. Marotti (September 2, 2020) re Personnel (Deposition Exhibit 1).

D-16. Leadership Training Class Attendance, Enrollment & Training Materials (Deposition Exhibit 8).

D-17. Leadership Training Invite And Email (Deposition Exhibit 7).

D-18.  Email from Plaintiff to B. Marotti re Leadership Training (Deposition Exhibit 6).

D-19.  July 11, 2020 Email from Plaintiff to B. Marotti re Employee evaluations (Deposition Exhibit 16).

D-20.  2018 Performance Evaluations and recommendations by Plaintiff (Deposition Exhibit 17).

D-21.  July 2020 Email communications re Employee evaluations (Deposition Exhibit 20).

D-22.  Criminal Judgment and Conviction for Plaintiff in U.S. District Court Eastern District of Arkansas, Case ## 4:00-cr-00065-SWW-HDY-3 and 4:00-cr-00065-SWW-HDY.

D-23.  August 20, 2020 Email from Plaintiff to C. Quinn re personnel matter (Deposition Exhibit 21).

D-24.  May 20, 2019 Leave request forms signed by Plaintiff (Deposition Exhibit 22).

D-25.  July 2, 2019 Leave request form signed by Plaintiff for J. Hunt (Deposition Exhibit 23).

D-26.  July 18, 2020 Report from Plaintiff to C. Quinn and B. Marotti re personnel issue (Deposition Exhibit 24).

D-27.  September 3, 2008 Report re Harassment Investigation and related issues (Deposition Exhibit 25).

D-28.  July 19, 2019 Report by Plaintiff re J. Arant (Deposition Exhibit 26).

D-29.  May 7, 2020 Email from Plaintiff re recommendations (Deposition Exhibit 33).

D-30.  January 4, 2021 N. Reinart email to Plaintiff re Job Site reviews (Deposition Exhibit 28).

D-31.  May 7, 2020 Email to W. Murray from P. Heimbecker re Courtney Peer (##D3661).

D-32.  Plaintiff's deposition (Portions Designated Per Pre-Trial Order).

D-33.  Plaintiff's Interrogatory Answers.

**Exhibits Delta May Introduce:**

D-34.  May 5, 2020 Email from Plaintiff to B. Marotti re Job Site reviews (Deposition Exhibit 29).

D-35.  2017 Email re Evaluations of crew by Plaintiff (Deposition Exhibit 18).

D-36.  July 15, 2017 Email from Plaintiff to B. Marotti re Employee evaluations for raises (Deposition Exhibit 18).

D-37.  February 9, 2018 email chain re safety video (Deposition Exhibit 30).

D-38.  B. Marotti February 28, 2018 Email re Training Class by Plaintiff (Deposition Exhibit 31).

D-39.  May 2018 Email exchange between Plaintiff and J. Counce (Deposition Exhibit 34).

D-40.  June 5, 2022 Email from Plaintiff to B. Marotti re Resignation (Deposition Exhibit 35).

D-41.  Z Green email to Plaintiff dated May 26, 2017 (Deposition Exhibit 32).

D-42.  August 8, 2018 Email from Plaintiff to B Marotti re Employee assessment (Deposition Exhibit 19).

D-43.  Records concerning Plaintiff input re discipline, hiring, operations (Deposition Exhibit 15).

D-44.  May 10, 2016 Email to B. Marotti re Zack Green Meeting (##D315).

D-45.  August 16, 2019 Email to B. Machen re Next Week (##D3169).

D-46.  May 9, 2020 Email to C. Quinn re COVID 19 Questionnaire (##D3663).

D-47.  May 8, 2020 Excel COVID Questionnaire (##D3664).

D-48.  July 2, 2020 Email to C. Quinn re next round of possible Delta hires (##D3695).

D-49.  July 5, 2020 Email to W. Murray re next round of possible Delta hires (##D3698).

D-50.  July 11, 2020 Email to B. Marotti re employees (##D3711).

D-51.  September 25, 2020 Email to B. Marotti re Vacation planning (##D3941).

D-52.  October 8, 2020 Email to Delta-All Users re safety meeting recognition for Third Quarter 2020 (##D3945).

D-53. October 30, 2020 Email to W. Murray re roll overs (##D3952).

D-54. Sonic Tracker Placement in Relation to Screed (##D3402).

D-55. ACHM Patching of Existing Roadway – Monette (##D2831).

D-56. February 3, 2021 Email to W. Murray re February jobs to be looked at (##D4294).

D-57. May 27, 2021 Email to W. Murray re upcoming jobs (##D4620).

D-58. June 4, 2021 Email from B. Marotti re Paving Schedule. (##D4685).

D-59. March 7, 2022 Email to W. Murray re plans (##D5007).

D-60. September 11, 2020 Construction Plan for State Highway (##D5008).

D-61. March 25, 2022 Email to W. Murray re next week (##D5045).

D-62. April 2022 Emails re Current Assigned Crews (##D5066-5068).

D-63. April 2022 Email re Current Assigned Crews (##D5052-5053).

D-64. March 27, 2022 Email to W. Murray from S. Binkley re next week (##D5046).

D-65. July 15, 2017 Email to B. Marotti re new hire evaluations (##D1033-1034).

D-66. Superseding Indictment against Plaintiff in U.S. District Court Eastern District of Arkansas, Case ## 4:00-cr-00065-SWW-HDY-3 and 4:00-cr-00065-SWW-HDY.

D-67. Illustrative Calendar report of Time Worked for June 2019-June 15 2022 Based On Heavy Job Diary, Wage Records and Time Records.

D-68. Delta reserves the right to offer additional documents for purposes of impeachment or rebuttal depending on the evidence introduced at trial.