IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**GAYLON MURRAY**                                                                                          **PLAINTIFF**

vs.                                            No. 3:22-cv-151-BSM

**DELTA ASPHALT OF ARKANSAS INC.**                                            **DEFENDANT**

### PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

COMES NOW Plaintiff Gaylon Murray ("Plaintiff"), by and through his attorneys Sean Short and Josh Sanford of Sanford Law Firm, PLLC, and for his Proposed Findings of Fact and Conclusions of Law, does hereby state and allege as follows:

#### I.   PROPOSED FINDINGS OF FACT

1. Defendant Delta Asphalt of Arkansas, Inc., is and was at all times within the three years preceding the filing of Plaintiff's Complaint, an Arkansas for-profit Company.

2. Within the three years preceding the filing of Plaintiffs' Complaint, Defendant engaged in the businesses providing construction services and materials for a variety of commercial and municipal projects.

3. Plaintiff entered into an employer-employee relationship with Defendant in 2001.

4. Plaintiff was a salaried employee of Defendant and was at all relevant times classified as an exempt employee by Defendant.

5. Defendant was responsible for the hiring and firing of employees, setting employees' wages, setting employees' working hours, controlling employees' working

Page 1 of 4
Gaylon Murray v. Delta Asphalt of Arkansas, Inc.
U.S.D.C. (E.D. Ark.) No. 3:22-cv-151-BSM
Plaintiff's Proposed Findings of Fact and Conclusions of Law

conditions, and maintaining employment records, including the wages, working hours, working conditions and records of Plaintiff.

6. Defendant and its employees are engaged in commerce and handle or otherwise work on goods or materials that have been moved in or produced for commerce by others, including building materials, equipment and machinery, tools, and merchandise, all of which were fabricated or produced in other states and shipped to the State of Arkansas for Defendant's use.

7. Defendant's annual gross volume of sales made or business done was in excess of $500,000.00 (exclusive of excise sales taxes at the retail level that are separately stated) during fiscal years 2018, 2019, 2020, and 2021.

8. As part of his work for Defendant, Plaintiff participated in interstate commerce by interacting with machinery and supplies from out of state businesses.

9. Defendant established Plaintiff's rates of pay and hours of work; Defendant paid at least some compensation to Plaintiff for his work; Defendant controlled the conditions under which Plaintiff worked; and Defendant maintained at least some employment records for Plaintiff.

10. Plaintiff was paid a bi-weekly rate and received some bonuses for all hours worked during the relevant statutory period.

11. Defendant did not maintain and keep accurate records of hours worked by Plaintiff.

12. From approximately June of 2019 through June of 2022, Plaintiff's bi-weekly pay ranged from $2,789.46 to $3,211.58.

13. Plaintiff worked an average of at least 71.5 hours per week each week

Page 2 of 4
Gaylon Murray v. Delta Asphalt of Arkansas, Inc.
U.S.D.C. (E.D. Ark.) No. 3:22-cv-151-BSM
Plaintiff's Proposed Findings of Fact and Conclusions of Law

during his tenure of employment with Defendants between June of 2019 and June of 2022 during the months of March through November.

14. At all relevant times, Defendant knew Plaintiff was working the above-described hours.

15. At all relevant times, Defendant knew the FLSA and AMWA required payment of an overtime premium for all hours worked over forty per week.

16. At all relevant times, Defendant knew it was not paying the overtime premium required under the FLSA and AMWA.

17. Defendant did not take any affirmative steps to comply with the FLSA.

18. Defendant had no objective or subjective reasons for believing that it was in compliance with the FLSA or the AMWA.

19. Defendant shorted Plaintiff's pay to increase its own profits without regard for Plaintiff's rights or the law.

20. Defendant knew that it was required by the FLSA to pay Plaintiff an overtime premium for all hours worked over forty per week and knew that Plaintiff was in fact working over forty hours per week during relevant weeks and not being paid an overtime wage, yet willfully and without any justification failed to compensate Plaintiff accordingly.

## II.    PROPOSED CONCLUSIONS OF LAW

1. Jurisdiction and venue are proper in this Court.

2. Defendant was Plaintiff's employer within the meaning of the FLSA.

3. Defendant. was Plaintiff's employer within the meaning of the AMWA.

4. Defendant did not meet its burden of proving that Plaintiff qualified for an exemption from the overtime requirements of the FLSA.

Page 3 of 4
Gaylon Murray v. Delta Asphalt of Arkansas, Inc.
U.S.D.C. (E.D. Ark.) No. 3:22-cv-151-BSM
Plaintiff's Proposed Findings of Fact and Conclusions of Law

5. Plaintiff is entitled to overtime premiums in the amount of one-half his regular rate of pay for 31.5 hours of overtime each week he worked a full shift between June of 2019 and June of 2022 duirng the months of March through November.

6. Plaintiff's unpaid overtime premiums for the hours he worked over 40 between June of 2019 and June of 2022 equals $44,881.99.

7. Defendant is liable to Plaintiff for his unpaid wages, plus an equal amount as liquidated damages.

8. Defendant is liable to Plaintiff for $89,763.98 ($44,881.99 in unpaid overtime plus liquidated damages).

9. Plaintiff has incurred attorney's fees in an effort to assert his rights under the FLSA and AMWA, and by law such reasonable attorney's fees should be paid by Defendant.

10. Plaintiff has incurred costs in an effort to assert his rights under the FLSA and AMWA, and by law those costs should be paid by Defendant.

Respectfully submitted,

**PLAINTIFF GAYLON MURRAY**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 4 of 4
Gaylon Murray v. Delta Asphalt of Arkansas, Inc.
U.S.D.C. (E.D. Ark.) No. 3:22-cv-151-BSM
Plaintiff's Proposed Findings of Fact and Conclusions of Law