UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| GAYLON MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:22-CV-00151-BSM |
| | ) | |
| v. | ) | |
| | ) | |
| DELTA ASPHALT OF ARKANSAS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATIONS

Comes Now plaintiff Gaylon Murray ("Murray") and Defendant Delta Asphalt of Arkansas, Inc. ("Defendant" or "Delta"), by and through the undersigned counsel, and stipulate and agree as follows:

1. Plaintiff is a citizen of the United States and a resident of the State of Arkansas and a former employee of Delta.

2. Delta is and was at all times with the three years preceding the filing of Plaintiff's complaint on June 22, 2022 a corporation duly organized and existing, and in good standing, under the laws of the State of Arkansas and regularly conducts business in this State.

3. Delta is and was at all times with the three years preceding the filing of Plaintiff's complaint on June 22, 2022 engaged in commerce in the business of road construction and related services, including providing services and materials to construct, repair and/or overlay asphalt on highways in the State of Arkansas pursuant to bid government contracts.

4. At all times during Plaintiff's employment with Delta, Delta employed far more than five full-time employees, was engaged in interstate commerce, and purchased goods in interstate commerce exceeding $500,000 per year (exclusive of excise sales taxes). Plaintiff was employed as a Construction Foreman for Delta during that time period and regularly handled goods that were moved in or produced for use in interstate commerce.

5. Plaintiff was employed by Delta from 2001 until June 15, 2022, which was his last day of work. Plaintiff had previously worked for Delta in the 1980s and then left and returned after working as a paramedic.

6. From 2004 until June 15, 2022, Plaintiff was employed as a Construction Foreman. During that time Plaintiff was paid on a salaried basis. His rate of salary always was more than the minimum salary required for exempt status under the Fair Labor Standards Act of 1938, as amended ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). The only deductions made from Plaintiff's salary were deductions authorized by Plaintiff for tax withholding, insurance, 401K contributions, and payment of any 401k loan.

7. Plaintiff was paid throughout the year regardless of whether there was any work at all to be performed during any work week, including in the Winter and late Fall months when weather would not permit laying asphalt.

8. The Court has jurisdiction of the FLSA claims under 28 U.S.C. §1331 and supplemental jurisdiction over the AMWA claim under 28 U.S.C. §1367(a). There is no objection to jurisdiction. Venue is proper in this Court.

9. Delta was an employer within the meaning of the FLSA and the AMWA with respect to Plaintiff during the time period Delta employed Plaintiff between June 1, 2019 and June 15, 2022 (the "Time Period").

Respectfully submitted,

**THOMPSON COBURN LLP**

By /s/ Charles M. Poplstein (Pro Hac Vice)
　　Matthew Braunel, Ark. Bar No. 50711
　　Charles M. Poplstein (pro hac vice)
　　One US Bank Plaza
　　Suite 2700
　　St. Louis, Missouri 63101-1611
　　Telephone: 314.552.6000
　　Facsimile: 314.552.7000
　　mbraunel@thompsoncoburn.com
　　cpoplstein@thompsoncoburn.com

　　*Attorneys for Defendant Delta Asphalt of Arkansas, Inc.*

and **SANFORD LAW FIRM, PLLC**

By */s/ Sean Short*
Sean Short, Ark. Bar No. 2015079
Josh Sanford, Ark. Bar No. 2001037
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040
sean@sanfordlawfirm.com
josh@sanfordlawfirm.com

*Attorneys for Plaintiff Gaylon Murray*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on counsel of record through the Court's electronic filing system on January 31, 2024.

*/s/ Charles M. Poplstein*

- 3 -