## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| **GAYLON MURRAY**, et al | ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 3:22-CV-151-BSM |
| | ) |
| **DELTA ASPHALT OF ARKANSAS, INC**. | ) |
| | ) |
| Defendant. | ) |

### JOINT MOTION TO APPROVE SETTLEMENT BY CONSENT

Comes Now Plaintiff Gaylon Murray, and Defendant Delta Asphalt of Arkansas, Inc. ("Delta") by and through his attorneys, and by consent seek approval of the Settlement Agreement and Release signed by Plaintiff ("Settlement Agreement", attached hereto as Exhibit 1).   The Settlement Agreement represents a fair and reasonable resolution of a genuine and *bona fide* dispute of the Plaintiff's wage claims. Therefore, the attached Settlement Agreement should be approved in full. A proposed Agreed Order is attached as part of Exhibit 2.

The Settlement Agreement provides more than reasonable recovery in light of the risks inherent in continuing with litigation in an arbitral forum and any claims asserted against that Claimant. The Company Parties (as defined in the Settlement Agreement) have denied Claimants' claims asserted in these proceedings and continue to deny they committed any wrongdoing or violated any state or federal wage law. Given the costs, risks, and delays inherent to protracted litigation balanced against the benefits of the settlement, the Settlement Agreement is in the Parties' respective best interest. Accordingly, the Parties respectfully request that each of the Settlement Agreements be approved in full.

1.      **FACTUAL AND PROCEDURAL BACKGROUND.**

Plaintiff filed claims in this Court claiming Plaintiff was not paid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Arkansas Minimum Wage Act ("AMWA") in

connection with work performed as a Construction Foreman. Specifically, Plaintiff alleges the Company failed to pay Plaintiff overtime as required by the FLSA, and that these violations were not made in good faith, but rather were willful, all of which were denied by the Company Parties. The Company in turn steadfastly maintains that Plaintiff was a Construction Foreman who was exempt from the overtime compensation requirements of the FLSA and the AMWA.

After reviewing the parties' respective pre-trial filings and good faith settlement negotiations, the Parties, through experienced counsel in wage-hour litigation reached a settlement agreement in principle which has been memorialized into a formal Settlement Agreement that they now request be approved. *See* Ex. 1.

Further, Plaintiff and Delta (as evidenced by the signatures of their respective counsel) stipulate and agree that: (a) the Court has jurisdiction and venue over this lawsuit; (b) all conditions necessary for the entry of this Award have been satisfied; (c) there is a bona fide dispute between the parties as to whether Plaintiff is owed any wages, overtime compensation, liquidated damages, interest, attorney's fees or other damages under the Fair Labor Standards Act of 1938, as amended, the Arkansas Minimum Wage Act, and under any other applicable state or local law over and above amounts previously paid to Plaintiff with respect to services rendered by Plaintiff as a W-2 employee of Delta or arising out of any such employment and/or Plaintiff's provision of services in connection with such employment; (c) The parties through counsel have reached a settlement of this matter, having given due consideration as to the risks of loss, the potential damages, the claims and defenses asserted, and the relative strengths and weaknesses in the claims and defenses, and believe the terms of the settlement are fair and reasonable based on discovery and their personal knowledge; (d) the settlement and this dismissal are made for purposes of settlement and compromise only to resolve disputed claims, and without any admission or concern by any party as to fault, liability, wrongdoing, or the validity of any position taken in this lawsuit or the accompanying litigation by the other party, all of which are

denied; (e) the parties believe the settlement embodied in the Settlement Agreement is fair and reasonable,

(f) the parties each are represented by competent and experienced employment / FLSA counsel.

### SUMMARY OF THE SETTLEMENT AGREEMENT'S KEY TERMS.

#### A. The Settlement Amount.

The Parties agreed to settle the Lawsuit for a total all in payment of Five Thousand Dollars

($5,000.00), which the Parties believe to be a reasonable and fair settlement given the claims, evidence, and

defenses in this case.

#### D. Release of All Claims.

In exchange for the settlement payment under the Settlement Agreement, Plaintiff will grant the

Company Parties (as defined in the Settlement Agreement) a full release.

### 3. THE SETTLEMENT AGREEMENTS SHOULD BE APPROVED.

The Parties now seek approval of the Settlement Agreement. Ex. 1. The Settlement Agreement

represents a fair and reasonable compromise of a *bona fide* dispute concerning Plaintiff's claims for unpaid

overtime given the evidence and the claims and defenses in this case.

FLSA claims may be compromised after the court reviews and approves a settlement in a private

action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of

Labor,* 679 F.2d 1350, 1353 (11th Cir. 1982). "If the settlement reflects 'a reasonable compromise over

issues,' the court may approve it." *Id*. When scrutinizing an FLSA settlement agreement, the court must

determine that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA's

provisions. *See Lynn's Food Stores*, 679 F.2d at 1355; *see also Pliego v. Los Arcos Mexican Rests*., Inc.,

313 F.R.D. 117, 127-125 (D. Colo. 2016); *Dyson v. Stuart Petroleum Testers, Inc.*, No. 1-15-cv-282 RP, 2016

WL 815355, at *2 (W.D. Tex. Feb. 29, 2016) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714,

719 (E.D. La. 2008)). To approve an FLSA settlement, the court must determine whether: (1) the litigation involves a bona fide dispute; (2) the proposed settlement is fair and equitable to all parties; and (3) any enhancement payments are fair and reasonable. *Swartz v. D-J Eng'g, Inc*., No. 12-CV-01029-DDC-KGG, 2016 WL 633872, at *3 (D. Kan. Feb. 17, 2016); *Barbosa v. Nat'l Beef Packing Co*., No. 12-2311-KHV, 2015 WL 4920292, at *3 (D. Kan. Aug. 18, 2015)). As reflected above, the Settlement Agreement represents a fair compromise of a bona fide dispute concerning Plaintiff's claims.

### A.   A *Bona Fide* Dispute Exists.

Approval of an FLSA settlement is appropriate where there is a "bona fide dispute" amongst the parties. *Lynn's Food Stores*, 679 F.2d at 1355; *See also*, *e.g.*, *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 163 (5th Cir. 2015). "The requirement of an adversarial posture between parties to a settlement agreement operates as a guarantee that employers cannot profit by coercing employees into waiving their rights, and then dressing that invalid waiver of the FLSA's protections as a valid settlement of a legal claim." *Sims v. Housing Auth. of City of El Paso*, No. EP-10-CV-109-KC, 2011 WL 3862194, at *6 (W.D. Tex. Sept. 1, 2011). "An actual dispute over the amount of overtime compensation due to an employee [can be] sufficient to create a bona fide dispute for purposes of this factor." *Shaw v. CAS, Inc.*, No. 5:17-CV-142, 2018 WL 3621050, at *1 (S.D. Tex. Jan. 31, 2018). In addition, a dispute as to whether employees were "misclassified as exempt" from the FLSA's protections can demonstrate a *bona fide* dispute exists. *Id.* at *2.

There is no question a *bona fide* dispute exists. The Parties contested the claims and defenses asserted in the underlying claims. Plaintiff alleges the Company failed to pay Plaintiff overtime, instead paying Plaintiff a salary, regardless of the number of hours they worked in a week. The Company maintains that Plaintiff was exempt and compensated correctly under the FLSA and the AMWA. The Court has already been presented with detailed Trial Briefs and Proposed Findings Of Fact And Conclusions Of Law.

The Parties have fully analyzed the pertinent factual and legal issues in this case and assessed the strengths and weaknesses of the claims and defenses at issue after informal discovery and an exchange of

relevant pay and time data. Further, the settlement was reached through arms-length negotiations between the Parties, all of whom were represented by counsel who are highly experienced prosecuting and defending wage and hour disputes, such as these. Finally, after the Parties reached their settlement in principle, they spent additional time negotiating and documenting the terms of their agreement.

Finally, Plaintiff and Plaintiff's attorneys believe that this settlement is in the best interest of Plaintiff. Absent settlement, there is a risk that Plaintiff would not succeed in obtaining any recovery. Continued litigation would have been time-consuming and expensive for both Parties.

As such, the Parties' settlement is the result of a *bona fide* and contested dispute where serious questions of law and fact exist that place the ultimate outcome in doubt. Without the Parties' willingness to engage in settlement discussions, this case would not have been resolved.

**B.   The Settlement Is Fair and Reasonable.**

"There is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. & Instrumentation, Inc.*, Case No. 09-682, 2010 WL 1688793, at *1 (M.D. La. Apr. 26, 2010) (citing *Camp v. Progressive Corp.*, Case Nos. 01-2680, 03-2507, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004)). In addition, the fact "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id*.

The Settlement Agreement is a product of a fairly and honestly negotiated settlement. The Parties had arms-length negotiation. There was no fraud or collusion by any participant. Indeed, the Settlement Agreement is a result of arm's-length negotiations by experienced attorneys.

After the Parties reached an agreement to settle, the Parties engaged in negotiations concerning the specific terms of the Settlement Agreement. The Settlement Agreement ultimately approved and executed by the Parties is the result of comprehensive discussions, and nothing about any of the settlements is the result of fraud or collusion. "The Court may presume that no fraud or collusion occurred between counsel in

the absence of any evidence to the contrary." *Cunningham v. Kitchen Collection, LLC*, NO. 4:17-CV-770, 2019 WL 2865080, at *2 (E.D. Tex. July 3, 2019) (quoting *Lee v. Metrocare Servs*., 3:13-CV-2349-O, 2015 WL 13729679, at *5 (N.D. Tex. July 1, 2015)). Furthermore, there were serious questions of law and fact that put the ultimate outcome of any litigation in doubt. If the case were not settled, there would be extensive work to be done, including trial and final briefing. "When the prospect of ongoing litigation threatens to impose high costs of time and money on the parties, the reasonableness of approving a mutually-agreeable settlement is strengthened." *Ayers v. Thompson*, 358 F.3d 356, 373 (5th Cir. 2004).

Accordingly, the Settlement Agreement is a fair and reasonable compromise of *bona fide* disputes and should be approved.

## 4. PLAINTIFF'S ATTORNEYS' FEES SHOULD BE APPROVED.

Under the Settlement Agreement, the Company shall pay Plaintiff's Counsel an attorneys' fee award of $3,000, which is far less than the time and expense incurred by them in this case. It is, of course, entirely appropriate for the issue of attorneys' fees to be settled by the parties themselves. *See*, *e.g.*, *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the amount of a fee.").

Plaintiff's Counsel's fees are fair and reasonable. The Parties reached the agreed upon fees after reaching a fair and reasonable settlement for Plaintiff. Thus, Accordingly, the Parties do not seek review of this portion of their settlement. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees.").

## 5. CONCLUSION.

For the foregoing reasons, the Settlement Agreement is a fair and reasonable compromise of a genuine and *bona fide* dispute. A proposed order is being submitted contemporaneously herewith.

**Dated: April 5, 2024.**                    Respectfully submitted,

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, AK 72211
(501) 221-0088
Facsimile (888) 787-2040

By: */s/  Sean Short*
ARK  Bar No. 2015079
sean@sanfordlawfirm.com

Attorneys for Plaintiff

THOMPSON COBURN LLP


By */s/  Charles M. Poplstein*
Charles M. Poplstein
Pro Hac Vice
Missouri Bar No. 30803
Thompson Coburn, LLP
One US Bank Plaza
St. Louis, Missouri 63101
Telephone: (314) 552-6095
Facsimile: (314) 552-7095
cpoplstein@thompsoncoburn.com


Attorneys for Defendant